HENRY UTZFIELD · ET AL. V. HEIRS OF A. BODMAN · ET AL.

No. 2863.

1. **Case Adhered to.**—Groesbeck v. Bodman, 73 Texas, 289, adhered to.

2. **Deed by Married Woman.**—An instrument purporting to be a conveyance by a married woman and her husband of unlocated land certificates in part her separate property, without the statutory privy acknowledgment of the wife, is not admissible in evidence against her heirs in a suit for the land located by virtue of said land certificates.

3. **Charge to Find for Plaintiffs.**—See facts where upon proof of heirship of grantee of the certificate the matters set up by defendants showed no defense.

APPEAL from Harris.  Tried below before Hon. James Masterson.

This is a second appeal.  The report in 73 Texas, 289, and the opinion here sufficiently state the matters discussed.

*F. F. Chew,* for appellants. —1.  Notwithstanding a deed may be defective as a muniment of title, it is nevertheless admissible in evidence as conducing to establish, in connection with other facts in evidence, that the party offering it had acquired an equitable title to the land.  Miller v. Alexander, 8 Texas, 43; Giddens v. Byer's Heirs, 12 Texas, 84; Womack v. Womack, 8 Texas, 416; Portis v. Hill, 30 Texas, 561; Dalton v. Rust, 22 Texas, 155; Fitzgerald v. Turner, 43 Texas, 87; Clayton's Admr. v. Frazier, 33 Texas, 100; Johnson v. Taylor, 60 Texas, 364.

2.  Recitals in deeds bind parties and privies.  Jones v. Taylor, 7 Texas, 242, 243; 1 Greenl. on Ev., secs. 22, 23, 144; Box v. Lawrence, 14 Texas, 557; Short v. Price, 17 Texas, 402; Martin v. Weyman, 26 Texas, 467; Parker v. Campbell, 21 Texas, 763; Johnson v. Timmons, 50 Texas, 535–37.

3.  An instruction to find for a particular party should never be given by the court in any case when there is any question of fact to be submitted to the jury for their consideration.  Supreme Council v. Anderson, 61 Texas, 301, and authorities; Mitchell v. De Witt, 20 Texas, 299; Andrews v. Smithwick, 20 Texas, 118; Smithwick v. Andrews, 24 Texas, 488; Rogers v. Brodnax, 24 Texas, 542; Gilkey v. Peeler, 22 Texas, 668; Steagall v. McKellar, 20 Texas, 268.

*F. M. Poland,* for appellees, cited Johnson v. Taylor, 60 Texas, 364; Frankland v. Cassady, 62 Texas, 418; Polk v. Chaisson, 72 Texas, 500; Reid v. Reid, 11 Texas, 593; Parker v. Leman, 10 Texas, 116; Mitchell v. De Witt, 20 Texas, 299; San Antonio v. Lane, 32 Texas, 416; Bond v. Mallow, 17 Texas, 638; Johnson v. Bryan, 62 Texas, 623; Berry v. Donley, 26 Texas, 737; Fitzgerald v. Turner, 43 Texas, 79; Coffey v. Hendricks, 66 Texas, 676; Davis v. Agnew, 67 Texas, 206.

HENRY, ASSOCIATE JUSTICE.—The heirs of A. Bodman brought this suit against Henry Utzfield and others to recover land.

Plaintiffs recovered judgment, and T. D. Welch, one of the defendants, prosecutes this appeal. Plaintiffs introduced evidence showing that the lands were patented to the heirs of Austin R. Bodman, and that they were the heirs of Alfred Bodman, who was the son and only heir of the said Austin R. Bodman.

The defendants introduced evidence as follows:

1. The originals of said patents.

2. A certified copy of the field notes of a survey of two-thirds of a league and labor of land made by George A. Bringhurst, county surveyor of Harris County, in July, 1841, it being part of the land in controversy.

3. A transcript of proceedings had in the Probate Court of Harrisburg County, Republic of Texas, in the administration of A. R. Bodman, deceased, including petition of Jane D. Bodman, the widow of Austin R. Bodman, filed on the 4th day of November, 1839, alleging that said Austin R. Bodman died on the 7th day of September, 1839, intestate, and that outstanding debts existed against his estate, and praying for letters of administration; the appointment of said Jane D. Bodman administratrix, according to her prayer, on the 20th day of November, 1839; an inventory and appraisement of the property of said estate, containing a receipt from William H. Hunt to A. R. Bodman for the two land certificates on which the patents in controversy were issued, said receipt being dated at Houston on the 23d of May, 1839; also an order dated the 21st day of January, 1841, reciting that the property inventoried was insufficient for the payment of the debts, or the support of the widow, and directing that Jane Bodman, "for herself and children, be empowered to take possession of, use, and dispose of as well as collect all personal property and debts due the estate, as well as to use all real estate so long as she may be undisturbed by the course of law, and the succession closed;" also an order dated July 19, 1841, in the following words: "The officers of court being the only creditors of this estate, it was on motion ordered that all costs due from this succession be remitted and the estate stand closed."

4. A certificate showing the marriage of Jane D. Bodman to F. P. Morey on the 23d day of July, 1841.

5. The testimony of George H. Bringhurst to the effect that he, as county surveyor of Harris County, made the survey of the land in controversy for the location of the certificates, in August, 1841; that the certificates were handed to him by one William Cook, and that he did not make the survey for the Bodmans; that they had transferred them, but he could not say to whom; that he may have made the survey for Charles Bigelow; that whoever he made it for could not pay for the work in money, but he had to take part of the land for his pay; that he located the land in July or August, 1841.

6.   That defendants and their vendors had paid all taxes upon the land up to the year 1887.

7.   Deeds connecting defendants with Charles Bigelow.

The defendants offered to read a copy of an instrument, dated the 15th day of March, 1842, signed by F. P. Morey and Jane D. Morey, conveying to Charles Bigelow two land certificates, recited to be then unlocated and described so as to show that they were the same certificates that the land in controversy was located under.

This instrument was not acknowledged by the makers, but was proved for record by a subscribing witness and recorded.   Defendants explained that they offered the instrument not as a muniment of title, but to show the intention of the parties to it.   Upon the objection of plaintiffs it was excluded.

The court charged the jury to find for plaintiffs, and refused all charges requested by defendants.   We think there was no error in excluding the evidence.   Groesbeck v. Bodman, 73 Texas, 289.

The evidence showed title in plaintiffs without there being anything to justify a finding that it had ever been divested out of them or their ancestors.   The tendency of the evidence introduced by defendants is to suggest that the land certificates were sold before they were located by the widow and administratrix of A. R. Bodman, to pay his debts.

We do not think, however, that when the circumstances are given their greatest effect they can properly be held to be proof of such a sale.   If some reliable evidence of an actual sale had been made they would have tended strongly to support and sustain it.   The instrument dated in 1842 weakens rather than strengthens the case of defendants.   Without being evidence itself of a conveyance, the attempt to make one then suggests that no conveyance of the certificates had been previously made.   If defendants' claim could be sustained under any view of the case, it would have to be done on the ground that the certificates had been sold long before the date of this instrument.

If there was in fact a sale of the certificates, the evidence of it has been so loosely preserved as to make it impossible to sustain it now, and we are constrained to conclude that the court properly directed the jury to find for plaintiffs.

The judgment is affirmed.

*Affirmed.*

Delivered February 25, 1890.